[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10009
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20795-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS ETIENNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 8, 2021)

Before MARTIN, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Travis Etienne, proceeding pro se, challenges the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c).  After careful review, we affirm.

## I.

Etienne is serving a 262-month sentence after pleading guilty to being a felon in possession of a firearm in 2012.  Etienne's sentence was significantly longer because of his status as an armed career criminal and because he possessed the firearm in connection with a controlled substance offense.  At sentencing, the district court observed that Etienne was subject to a much higher sentence than another defendant being sentenced the same day whose criminal conduct was worse.  The district court stated that "this isn't really fair" to Etienne, and that a sentence of 262 months' imprisonment "is a lot under these circumstances."

In August 2020, Etienne filed a motion for compassionate release, and argued that three extraordinary and compelling reasons warranted a sentence reduction in his case.  First, he pointed out that without the armed career criminal enhancement, his Sentencing Guidelines range would have been only 41–51 months' imprisonment.  Second, he argued the district court had been reluctant to impose a 262-month sentence in his case.  Finally, he pointed to his significant record of rehabilitation: he has completed a number of courses while incarcerated,

2

maintained steady employment, and received only a single incident report in eight years.

The district court denied Etienne's motion.  This is Etienne's appeal.

## II.

We review the district court's denial of a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  The district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures, or makes clearly erroneous findings of fact.  United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

Etienne makes two arguments on appeal.  First, he says the district court did not provide sufficient analysis to enable meaningful appellate review.  Second, he says the district court erred in finding that his lengthy sentence, which he believes could not be imposed today and which he says the district court regretted imposing upon him then, in combination with his record of rehabilitation did not merit compassionate release.  We address each in turn.

First, although concise, the district court's order provided sufficient analysis to enable appellate review.  When deciding whether to grant a motion for compassionate release, the district court must consider two things: (1) whether the movant "has offered extraordinary and compelling reasons and whether a reduction

3

or release would be consistent with the policy statement found at U.S.S.G. § 1B1.13"; and (2) whether the 18 U.S.C. § 3553(a) factors support release. United States v. Cook, ___ F.3d ___, 2021 WL 2149339, at *3 (11th Cir. May 27, 2021) (quotation marks omitted). Here, the district court addressed both factors. It recited the extraordinary and compelling reasons listed in United States Sentencing Guideline § 1B1.13, and explained that Etienne's reasons for release did not comport with those listed in the policy statement.

The record reflects the district court also considered the § 3553(a) sentencing factors. This Court does not require district courts to explicitly discuss each factor it is required to consider. See United States v. Kuhlman, 711 F.3d 1321, 1326 (11th Cir. 2013). The record need only indicate that the district court considered some of the factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (recognizing the record indicated the district court "did, in fact, consider a number of the sentencing factors"). And the record here indicates that the district court considered a number of the § 3553(a) factors. The district court observed that Etienne devoted significant efforts to rehabilitate himself, which goes to his "history and characteristics." 18 U.S.C. § 3553(a)(1). The district court also considered the "potential sentencing disparities" that existed between Etienne and similarly situated defendants sentenced after enactment of the First Step Act, as well as the fact that Etienne served "less than half of his sentence,"

which shows the district court considered the "sentencing range," and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. § 3553(a)(4), (6). The district court even noted explicitly that "on balance, such early release would be inconsistent with the § 3553 sentencing factors."

Second, the district court did not err in finding that Etienne did not put forward extraordinary and compelling reasons warranting compassionate release. When adjudicating compassionate release motions, district courts must ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021), a panel of this Court held that Guideline § 1B1.13 and its accompanying application note apply to defendant-filed compassionate release motions because the statement is "capable of being applied" to those motions. Id. at 1247.

As a result, the District Court here was limited to considering those "extraordinary and compelling" reasons outlined in the policy statement and accompanying application note. The application note specifies that "extraordinary and compelling reasons" exist when a defendant presents one of a set of medical, age-related, or family circumstances, USSG § 1B1.13 cmt. n.1(A)–(C), or: "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's

5

case an extraordinary and compelling reason other than, or in combination with,"
the specific reasons outlined in the application note.  USSG § 1B1.13 cmt. n.1(D).
Etienne does not claim to have any of the age, family, or medical reasons outlined
in the application note.  Nor has the BOP Director determined that Etienne has
"other" extraordinary and compelling circumstances warranting release.  Id.

    **AFFIRMED.**